IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50126
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

BOBBY EUGENE STEWART,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CV-277
- - - - - - - - - -
May 27, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Bobby Eugene Stewart's motion for leave to proceed in forma pauperis on appeal is granted.  Because no further briefing is required, the merits of Stewart's appeal have been reviewed.

     Stewart argues that he received ineffective assistance of counsel and that he was entitled to an evidentiary hearing on the ineffective-assistance issue because counsel failed to require the Government to prove the type of methamphetamine possessed by

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Stewart. The district court's denial of Stewart's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 is vacated and the case remanded for an evidentiary hearing. Under United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995), Stewart is entitled to an evidentiary hearing because his assertions that the substance he produced was l-methamphetamine are supported by verified evidence and, therefore, are sufficient to place the contention in issue to warrant such a hearing. Id. at 745-46.

The district court's elimination of Stewart's evidentiary support of his argument was also improper. The district court concluded that Stewart attempted to submit laboratory reports performed in another case to support his argument. However, the laboratory reports submitted by Stewart clearly show that they were performed by the Texas Department of Public Safety and that they were performed in Stewart's case. Stewart is entitled to an evidentiary hearing to allow him the opportunity to produce evidentiary support that the substance he produced was l-methamphetamine. Whether Stewart can make such a showing determines the outcome of his ineffective-assistance-of-counsel allegation. See Acklen, 47 F.3d at at 745-46.